UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNEL GUY JR.,

      Plaintiff,

v.                                  Case No.: 8:24-cv-1899-LSG

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## **ORDER**

Counsel for the plaintiff Vernel Guy Jr. moves for an award of attorney's fees under 42 U.S.C. § 406(b). Doc. 25. Guy filed a complaint and opening brief seeking judicial review of the Commissioner's denial of his claim for Social Security Disability benefits. Docs. 1, 18. The Commissioner filed a motion for entry of judgment and to remand the action under sentence four of 42 U.S.C. § 405(g) after Guy filed his opening brief. Doc. 19. I reversed the Commissioner's final decision and remanded the case under 42 U.S.C. § 405(g) for further proceedings, and the Clerk entered a judgment in favor of Guy and against the Commissioner. Docs. 20–21. On remand, the Commissioner determined that Guy is disabled and entitled to $75,620.00 in past-due benefits, $18,905.00 of which was withheld as attorney's fees. Doc. 25 at 4, 16. As the prevailing party, Guy timely moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 23. I granted the motion and awarded Guy $7,009.98 in attorney's fees under

EAJA. Doc. 29.[1] Counsel now requests an award of $7,500.00 under 42 U.S.C. § 406(b). Doc. 25.

Two statutes allow a claimant to recover fees for representation in a successful action to recover Social Security benefits. After obtaining a favorable judgment, the claimant may seek a reasonable attorney's fee under 42 U.S.C. § 406(b)(1)(A). Such an award may not exceed twenty-five percent of a claimant's past-due benefits. *Id*. The claimant may also seek prevailing party attorney's fees under the EAJA, which permits an award of fees if the Commissioner's position in the action was not "substantially justified." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). If eligible under the statute, the claimant receives an EAJA fee award based on the market rate for similar legal services and the number of hours counsel spent on the case. *Powell v. Comm'r of Soc. Sec.*, 418 F. Supp. 3d 1068, 1072 (M.D. Fla. 2019). Unlike a fee award under Section 406(b), EAJA fees come from the agency's fund, not the plaintiff's recovery of past-due benefits. *Jackson*, 601 F.3d at 1271.

Counsel may not receive attorney's fees under both EAJA and Section 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citations omitted). If a successful claimant pursues fee awards under both EAJA and Section 406(b), counsel must "refund the amount of the smaller fee" award to the claimant. *Id*. In other words, if a

---

[1] The Commissioner moved to amend my initial order granting Guy the award of attorney's fees under EAJA based on a scrivener's error. Doc. 26. I vacated the first order, Doc. 28, and issued an amended order correctly stating that the Court awarded Guy $7,009.98 in attorney's fees under EAJA. Doc. 29.

plaintiff receives an attorney's fee award under EAJA, any subsequent request under Section 406(b) must be "offset" by the amount received under EAJA. *Jackson*, 601 F.3d at 1273. Counsel may simply deduct the amount of the earlier EAJA award from his Section 406(b) request. *Id.*

To award attorney's fees under Section 406(b), the Court must independently review the request to determine whether the fee is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. This inquiry must occur even if the requested fee award is unopposed or the fee does not exceed the twenty-five percent statutory limit. *Id.* A fee's reasonableness under Section 406(b) depends on the "character of the representation and the results achieved," the complexity of the case and risk of loss, the requested percentage of the benefits, and, importantly, whether the award creates a "windfall fee award if 'the benefits are large in comparison to the amount of time counsel spent on the case.'" *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850–51 (11th Cir. 2020) (citing *Gisbrecht*, 535 U.S. at 807–08). The contingency percentage negotiated between the claimant and counsel serves as a strong indicator of the reasonableness of a requested fee. *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008) (citations omitted). Although the lodestar method is inapplicable, the evaluation may consider "the record of 'the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.'" *Reyes v. Comm'r of Soc. Sec.*, No. 8:22-cv-48-MSS-SPF, 2025 WL 1224121, at *1 (M.D. Fla. Apr. 7, 2025), *R&R adopted*, 2025 WL 1222313 (M.D. Fla. Apr. 28, 2025) (citation omitted).

An award is subject to reduction if matters within the attorney's control, such as delays, affected his representation. *Gisbrecht*, 535 U.S. at 808. A reduction may be necessary to equalize the requested fees with the amount of time the attorney actually spent on the plaintiff's case. *Id*. A court "appropriately" reduces an attorney's requested award under Section 406(b) "by looking first to the contingent-fee agreement, then testing it for reasonableness" after reducing the amount of recovery based on the character of the representation and result. *Id*.

Guy has a valid contingency fee agreement with his counsel that requires him to pay twenty-five percent of his received past-due benefits. Doc. 25 at 10. The Commissioner withheld a total of $18,905.00 from Guy's recovery to account for attorney fees. Doc. 25 at 10, 16. Counsel asserts that, based on Section 406(b) and his contingency fee agreement with Guy, the statutory maximum of past-due benefits available for attorney's fees is $11,805.02. Doc. 25 at 13. Counsel explains that the $11,805.02 total represents the twenty-five percent of past-due benefits withheld by the Commissioner for attorney's fees "offset" by Guy's recovery under EAJA ($18,905.00 – $7,099.98= $11,805.02). Doc. 25 at 13. However, counsel requests only $7,500.00 in attorney's fees under Section 406(b). Doc. 25. Counsel explains that the $7,500.00 total is reasonable based on his existing contingency fee agreement with Guy, the result of the litigation, the extent and effort of his representation, the risk of loss at the outset, and the offset of the plaintiff's EAJA award. Doc. 25 at 10–14. Counsel also accounts for "three months of delay" in the request by reducing the total by $4,305.02 "for any delay and in equity and good conscience," bringing the

amount down from $11,805.02 to $7,500.00. Doc. 25 at 13–14.

Based on Guy's contingency fee agreement with his counsel, the maximum fee award would be $18,905.00 before a return of the total amount of attorney's fees awarded under EAJA. Counsel appropriately accounts for his responsibility for a delay in the litigation, asserting a fee reduction of $4,305.02. Doc. 23 at 14. According to counsel, he spent 27.60 hours on the merits of this action. Doc. 25 at 11–12.

After considering the hours spent on the litigation, the proposed reduction based on counsel's delay, and the offset of the plaintiff's previously awarded EAJA fees, I find that an attorney's fee award of $7,500.00 (9.92% of the plaintiff's past-due benefits) is reasonable under Section 406(b). The requested fee award does not exceed the statutory limit and does not create a "windfall" fee that unjustly benefits counsel. *See Gossett*, 812 F. App'x at 850–51. Accordingly, counsel's motion for an award of attorney's fees under Section 406(b), Doc. 25, is **GRANTED**.[2] Counsel shall receive $7,500.00 in attorney's fees under 42 U.S.C. § 406(b).

**ORDERED** in Tampa, Florida, on this 2nd day of July, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge

---

[2] The Commissioner took no position on the petitioner's request for an award of attorney's fees under Section 406(b). Doc. 27.